UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STACEY GREENFIELD,

                                    Plaintiff,

        – against --

CADIAN CAPITAL MANAGEMENT, LP, CADIAN
FUND LP, CADIAN MASTER FUND LP, CADIAN
GP, LLC, CADIAN CAPITAL MANAGEMENT GP,
LLC, ERIC BANNASCH and INFOBLOX INC.,

                                    Defendants.

15 cv 04478-ER

*(Jury Trial Demanded)*

AMENDED COMPLAINT

Plaintiff Stacey Greenfield ("Greenfield"), by her undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1.      Plaintiff Greenfield is a New York resident who is the owner of common stock of Infoblox Inc. ("Infoblox" or the "Company").

2.      Infoblox, a nominal defendant herein, is a Delaware corporation with its principal place of business at 3111 Coronado Drive, Santa Clara, CA 95054.

3.      Defendant Cadian Capital Management, LP ("Cadian Capital") is a Delaware limited partnership with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.  Cadian Capital is an investment adviser that acts as the investment manager of defendants Cadian Fund LP ("Cadian Fund") and Cadian Master Fund LP ("Cadian Master").

4.      Defendant Cadian Fund is a private investment Delaware limited partnership with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.

5.      Defendant Cadian Master is a Cayman Islands exempted limited partnership company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.

6.      Defendant Cadian GP, LLC ("Cadian GP") is a Delaware limited liability company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.  Cadian GP serves as the general partner of Cadian Fund and Cadian Master.

7.      Defendant Cadian Capital Management GP, LLC ("Cadian Capital GP") is a Delaware limited liability company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022.  Cadian Capital GP serves as the general partner of Cadian Capital.

8.      Defendant Eric Bannasch ("Bannasch") is an individual with a business address at 535 Madison Avenue, 36th Floor, New York, NY 10022.  Bannasch is the sole managing member of Cadian GP and Cadian Capital GP and principal owner of Cadian Capital. (All of the defendants with the exception of Infoblox are referred to collectively as the "Cadian Group" or the "Cadian Defendants").

## JURISDICTION AND VENUE

9.      This action is brought on behalf of Infoblox pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)"), to obtain disgorgement of profits obtained by the Cadian Defendants in violation of that statute.  Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## The Governing Law

10.     Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

11.     The stated purpose of Section 16(b) is to "prevent [] the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer." 15 U.S.C. § 78p(b).  Strict liability and disgorgement were imposed by §16(b) "to remove any temptation for insiders to engage in transactions which 'may serve as a vehicle for the evil which Congress sought to prevent -- the realization of short-swing profits based upon access to inside information.'"  "Section 16(b) operates mechanically, and makes no moral distinctions, penalizing technical violators of pure heart, and bypassing corrupt insiders who skirt the letter of the prohibition.  'Such is the price of easy administration.'" (citation omitted). *Magma Power Co. v. Dow Chemical*, 136 F. 3d 316, 320-21 (2d Cir. 1998).  The statute and SEC rules promulgated thereunder are designed to "squeeze all possible profits out of stock transactions" by insiders. *Smolowe v. Delendo*, 136 F.2d 231, 239 (2d Cir.), *cert denied*, 320 U.S. 751 (1943).

12.     Under Section 16(a) of the Exchange Act and SEC Rule 16a-3 promulgated thereunder, statutory insiders are required to report securities transactions to the marketplace in a timely fashion. *See* SEC Investor Bulletin, "Insider Transactions and Forms 3, 4, and 5" (http://www.sec.gov/investor/alerts/forms-3-4-5.pdf).

3

13.     Courts have rejected efforts by hedge funds to avoid Section 16(b) liability by purporting to "divest" their beneficial ownership.  Relying on these contrived divestitures, hedge fund managers who have established a small group of hedge funds to acquire greater than 10% beneficial ownership positions, with presumed access to inside information, have used these artifices to evade their Section 13(d) and Section 16(a) reporting obligations and to conceal their short-swing trading and profits.  *Huppe v. WPCS Int'l Inc.,* 670 F.3d 214, 215-217 (2d Cir. 2012)(where a principal delegated "exclusive power to make all investment and voting decisions" to an agent, both principal and agent were beneficial owners).  *See also, Greenberg v. Hudson Bay Master Fund Ltd.,* 2015 U.S. Dist. LEXIS 62236, *21 (S.D.N.Y. 2015)("purchaser may not avoid Section 16(b) simply by delegating voting and investment authority to a third party").  As shown in paragraphs 18 through 26, *infra,* the Cadian Group employed such an artifice in this case to hide their trading in Infoblox common stock and avoid disgorgement of their profits.

Section 16(b) Group Activity

14.     Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner

and is liable to disgorge profits arising from transactions by such group member effected within a less than six-month period.

15.     The facts that support the existence of a group are overwhelming.  Bannasch is the sole decision maker for each of the Cadian Defendants and effected all of their trades in Infoblox common stock.  The Cadian Defendants, other than Bannasch, bear the Cadian name and operate out of the same office with the same employees.  The Cadian Group's SEC filings relating to Infoblox were made collectively on behalf of the Cadian Group members and signed by the same people.

16.     Moreover, the Cadian Defendants are all inexorably intertwined.  Cadian Capital is the investment manager of Cadian Fund and Cadian Master; Bannasch is the sole managing member of Cadian GP and Cadian Capital GP; Cadian Capital GP is the general partner of Cadian Capital; and Cadian GP is the general partner of each of Cadian Fund and Cadian Master. These facts irrefutably lead to the conclusion that the Cadian Defendants agreed to act together for the purposes of trading in Infoblox common stock.

17.     Accordingly, defendants Cadian Capital, Cadian Fund, Cadian Master, Cadian GP, Cadian Capital GP and Bannasch constitute a group for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act.  At all relevant times, the Cadian Group was a greater than 10% beneficial owner of the Company's common stock, $0.0001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.

The Cadian Group's Beneficial
Ownership of Infoblox Common Stock

18.     Although the Cadian Group was required to file reports concerning their trading in the Company stock pursuant to § 16(a) of the Exchange Act, they failed to do so.  Section

5

16(a) reports disclose to the marketplace detailed information concerning the trading of securities including the dates, the number of shares bought and sold and the prices paid or received. In the event that the filer has obtained short-swing profits that must be disgorged pursuant to §16(b), the existence of the violation and the amount of the profits to be disgorged can be readily determined from reports filed under Section 16(a).

19. Instead of making the required filings, the Cadian Group filed abbreviated Schedule 13G forms which provide information about their holdings in Infoblox, but no specific information concerning the actual trades. Nevertheless, an analysis of these filings provides evidence of the Cadian Group's efforts to hide the facts about the trades and obscure their liability.

20. On December 12, 2014, defendants Cadian Capital, Bannasch and Cadian Fund (the "Reporting Persons") filed Amendment No. 1 to Schedule 13G relating to holdings in the Company's common stock. Amendment No. 1 reported that Cadian Capital and Bannasch shared beneficial ownership of 10.4% of the Company's Common Stock, and that Cadian Fund had beneficial ownership of 5.7% of the stock. Amendment No. 1 represented an admission that the Cadian Group was a greater than 10% beneficial owner of Infoblox stock and subject to the reporting requirements of Section 16(a).

21. After the original complaint in this lawsuit was filed, on or about August 5, 2015, the Cadian Group filed Amendment No. 3 to the Schedule 13G purporting to revise its earlier filings. In pertinent part, Item 4 of Amendment No. 3 states:

> [p]revious filings on Schedule 13G reported that Cadian Fund L.P. beneficially owns securities of the Issuer. The Reporting Persons have amended the Schedule 13G to clarify that pursuant to Cadian Fund LP's Investment Management Agreement, as amended, the investment manager of Cadian Fund LP exercises exclusive voting and investment power over securities directly held by Cadian Fund LP.

6

After being sued, the Cadian Defendants asserted that the Cadian Fund and Cadian Master delegated "exclusive voting and investment power" over their Infloblox holdings to Cadian Capital, its investment manager.  Through this scheme, the Cadian Defendants sought to shield Cadian Fund and Cadian Master from Section 16(b) liability.

22.     The import of this new filing is significant.  The Cadian Defendants assert that (i) Cadian Capital is a registered investment adviser not deemed to beneficially own Infoblox securities under SEC Rule 16a-1(a)(1)(v); (ii) Bannasch and Cadian Capital GP as "control persons" of Cadian Capital are not deemed to beneficially own Infoblox securities under SEC Rule 16a-1(a)(vii); and Cadian Fund and Cadian Master delegated their beneficial ownership to Cadian Capital.  The Cadian Defendants' scheme fails under the cited SEC rules and case law.

23.     First, Cadian Capital serves as the investment manager to Cadian Fund and Cadian Master.  For purposes of Section 13(d) of the Exchange Act, and as reported in the Cadian Group's SEC filings, Cadian Capital beneficially owned Infoblox securities held for the accounts of Cadian Fund and Cadian Master.  Under SEC Rule 16a-1(a)(1)(v), solely for purposes of determining whether such person is a greater than 10% beneficial owner, a registered investment adviser is not deemed the beneficial owner of securities "held for the benefit of third parties or in customer of fiduciary accounts in the ordinary course of business ... as long as such shares are acquired ... without the purpose or effect of changing or influencing control of the issuer or engaging in any arrangement subject to Rule 13d-3(b). [1]

---

[1] SEC Rule 13d-3(b) provides that "[a]ny person who, directly or indirectly, creates or uses . . . any . . . contract, arrangement, or device with the purpose or effect of divesting such person of beneficial ownership . . . as part of a plan or scheme to evade the reporting requirements of Section 13(d) or 13(g) of the Act shall be deemed for purposes of such sections to be the beneficial owner of such security."

24.     Cadian Capital did not hold Infoblox securities held for the Cadian Fund and Cadian Master accounts – "for the benefit of . . . customer or fiduciary accounts" – because Cadian Capital has substantial interests in Cadian Fund and Cadian Master as reported in its ADV Form Brochure.[2] Further, Cadian Capital cannot avail itself of the Rule 16a-1(a)(1)(v) exemption with respect to the Infoblox securities held for Cadian Fund and Cadian Master because the ownership arrangements were structured with the purpose and effect of divesting beneficial ownership to evade the Cadian Group's obligations under Section 16(b).

25.     Second, for purposes of Section 13(d) of the Exchange Act, and as reported in the Cadian Group's SEC filings, Bannasch and Cadian Capital GP also beneficially own Infoblox securities held for the accounts of Cadian Fund and Cadian Master, because Bannasch is the sole managing member of Cadian GP and Cadian Capital GP and makes all investment decisions for Cadian Capital.  Defendants assert that Bannasch and Cadian Capital GP were not the beneficial owners of Infoblox securities held for Cadian Fund and Cadian Master by virtue of the exemption set forth in SEC Rule 16a-1(a)(1)(vii).  Under this Rule, solely for purposes of determining whether such person is a greater than 10% beneficial owner, a control person of a registered investment adviser is not a beneficial owner of securities if "… the aggregate amount held directly by the … control person, and directly and indirectly by their subsidiaries or affiliates . . ." does not exceed one percent of the outstanding class of securities.  Bannasch and Cadian Capital GP do not meet the requirements of this exemption because, by the express

_____

[2] See Cadian Capital SEC Form ADV dated March 10, 2015 (available at the SEC website: http://www.adviserinfo.sec.gov)

language of the Rule, their affiliates, Cadian Fund and Cadian Master, held more than 1% of Infoblox's outstanding shares.[3]

26.    Cadian Fund and Cadian Master held beneficial ownership of their shares because they indirectly share voting or investment power. *Greenberg v. Hudson Bay Master Fund Ltd.*, 2015 U.S. Dist. LEXIS 62236, \*21 (S.D.N.Y. 2015)("purchaser may not avoid Section 16(b) simply by delegating voting and investment authority to a third party"). *See also Huppe v. WPCS Int'l Inc.*, 670 F.3d 214, 215-217 (2d Cir. 2012)(where a principal delegated "exclusive power to make all investment and voting decisions" to an agent, both principal and agent were beneficial owners). Even if it ultimately were determined that Cadian Fund and Cadian Master did not have beneficial ownership of the Infoblox securities held in their accounts for purposes of SEC Rule 16a-1(a)(1), defendants do not dispute that Cadian Fund and Cadian Master were the beneficial owners of the Infoblox securities held for their respective accounts under SEC Rule 16a-1(a)(2). As group members they are required to disgorge short swing profits.

<u>Purchase and Sale Transactions</u>

27.    While the Cadian Group was a greater than 10% beneficial owner, Cadian Fund and Cadian Master each purchased shares of Common Stock at various times during the period between October 22, 2014 and December 9, 2014. Also, while the Cadian Group was a greater than 10% beneficial owner, Cadian Fund and Cadian Master each sold shares at various times between December 9, 2014 and December 31, 2014.

28.    Although the Cadian Group became a greater than 10% beneficial owner of shares of Common Stock, the Cadian Group violated Section 16(a) of the Exchange Act and failed to

---

[3] The term "affiliate" is defined in SEC Rule 12b-2 as "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified."

report its greater than 10% beneficial ownership on SEC Form 3 required to be filed under SEC Rule 16a-3. Likewise, the Cadian Group continued to violate Section 16(a) and SEC Rule 16a-3 by failing to report its purchases and sales of shares of Common Stock on SEC Form 4 while the Cadian Group was a greater than 10% beneficial owner. Due to these SEC reporting violations, it is not possible to compute with precision the amount of short-swing profits garnered by the Cadian Group from its short-swing trading of shares of Common Stock. However, based on Schedule 13G filings made by the Cadian Group, the Cadian Group purchased up to 237,308 shares while it was a greater than 10% beneficial owner during the period from October 22, 2014 through December 9, 2014, and sold 226,522 shares while it was a greater than 10% beneficial owner during the period from December 9, 2014 through December 31, 2014. Based on the trading prices of Infoblox shares during these periods, defendants likely garnered disgorgeable short-swing profits of at least $1 million.

AS AND FOR A FIRST CLAIM FOR RELIEF
<ins>AGAINST THE CADIAN GROUP</ins>

29.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28, *supra*, as if fully set forth herein.

30.    As particularized in paragraphs 27 and 28, *supra,* during the period between October 22, 2014 and December 31, 2014, the Cadian Group engaged in purchase and sale transactions in the Common Stock which resulted in disgorgeable short-swing profits.

31.    As the purchases and sales were effected for the accounts of Cadian Fund and Cadian Master, each of these defendants is liable for its respective short-swing profits.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST
### CADIAN CAPITAL, CADIAN GP, CADIAN CAPITAL GP AND BANNASCH

32.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31, *supra*, as if fully set forth herein.

33.     As particularized in paragraphs 14 through 17, *supra*, Cadian Capital, Cadian GP, Cadian Capital GP and Bannasch are members of the Cadian Group who engaged in transactions on behalf of Cadian Fund and Cadian Master which yielded short swing profits subject to disgorgement to the Company.

34.     Defendants Cadian Capital, Cadian GP, Cadian Capital GP and Bannasch have a pecuniary interest in short-swing profits realized by Cadian Fund and Cadian Master and are liable to the extent of their respective pecuniary interests in the transactions to disgorge to Infoblox their short-swing profits.

35.     Plaintiff is unable to precisely compute Cadian Capital's, Cadian GP's, Cadian Capital GP's and Bannasch's pecuniary interests in the transactions.

### ALLEGATIONS AS TO DEMAND

36.     Plaintiffs made due demand on Infoblox on April 21, 2015.  By letter dated June 5, 2015, Infoblox advised that its Board had determined that it was not appropriate to bring an action against defendants.


WHEREFORE, plaintiff demands judgment on behalf of Infoblox against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
      October 7, 2015

Paul D. Wexler
Attorney at Law
110 E. 59th Street, 23rd Floor
New York, New York 10022
Tel.: (212) 317-0777
Fax: (212) 223-4911
pdw@paulwexlerlaw.com


Ostrager Chong Flaherty
  & Broitman P.C.


By: _Glenn Ostrager_
    Glenn F. Ostrager

570 Lexington Avenue
New York, NY 10022
Tel.: (212) 681-0600
Fax: (212) 681-0300
gostrager@ocfblaw.com

*Attorneys for plaintiff Stacey Greenfield*