UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— X
STACEY GREENFIELD,                          :
                                            :
                                            :
                    Plaintiff,              :
        v.                                  :
                                            : No. 1:15-CV-04478-ER
CADIAN CAPITAL MANAGEMENT, LP,              :
CADIAN FUND LP, CADIAN MASTER               :
FUND LP, CADIAN GP, LLC, CADIAN             :
CAPITAL MANAGEMENT GP, LLC, ERIC            :
BANNASCH and INFOBLOX INC.,                 :
                                            :
                    Defendants.             :
                                            :
———————————————————— X

## DEFENDANTS' ANSWER AND DEFENSES TO AMENDED COMPLAINT

Defendants Cadian Capital Management, LP ("CCM"), Cadian Fund LP ("Cadian Fund"), Cadian Master Fund LP ("Cadian Master"), Cadian GP, LLC ("Cadian GP"), Cadian Capital Management GP, LLC ("Cadian Capital GP"), and Eric Bannasch (together, the "Defendants"), by and through their undersigned counsel, hereby answer the Amended Complaint filed on October 7, 2015, by Plaintiff Stacey Greenfield (the "Plaintiff"). Defendants deny any and all allegations in the Amended Complaint that are not specifically and expressly admitted herein.

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

3.  Defendants admit that CCM is a Delaware limited partnership with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022. Defendants admit that CCM acts as the investment manager of Cadian Fund and Cadian Master.

4.  Defendants admit that Cadian Fund is a Delaware limited partnership with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022, and deny all other allegations in Paragraph 4.

5.  Defendants admit that Cadian Master is a Cayman Islands exempted limited partnership, and deny all other allegations in Paragraph 5.

6.  Defendants admit that Cadian GP is a Delaware limited liability company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022. Defendants admit that Cadian GP serves as the general partner of Cadian Fund and Cadian Master.

7.  Defendants admit that Cadian Capital GP is a Delaware limited liability company with its principal place of business at 535 Madison Avenue, 36th Floor, New York, NY 10022. Defendants admit that Cadian Capital GP serves as the general partner of CCM.

8.  Defendants admit that Eric Bannasch is an individual with a business address at 535 Madison Avenue, 36th Floor, New York, NY 10022. Defendants admit that Bannasch is the managing member of Cadian GP and Cadian Capital GP, and deny all other allegations in Paragraph 8.

## **ALLEGATIONS AS TO JURISDICTION AND VENUE**

9.  Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

## ALLEGATIONS AS TO "THE GOVERNING LAW"

10. Paragraph 10 contains legal conclusions to which no response is required.

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Defendants deny the allegations in Paragraph 13.

## ALLEGATIONS AS TO "SECTION 16(b) GROUP ACTIVITY"

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

## ALLEGATIONS AS TO "THE CADIAN GROUP'S BENEFICIAL OWNERSHIP OF INFOBLOX COMMON STOCK"

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20. Defendants admit that CCM, Cadian Fund, and Eric Bannasch filed Amendment No. 1 to a Schedule 13G on December 12, 2014. Defendants deny all other allegations in Paragraph 20, except to note that the referenced document speaks for itself.

21. Defendants admit that Amendment No. 3 to a Schedule 13G was filed on August 5, 2015. Defendants deny all other allegations in Paragraph 21, except to note that the referenced document speaks for itself.

22. Defendants deny the allegations in Paragraph 22, except to note that the referenced document speaks for itself.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

## ALLEGATIONS AS TO "PURCHASE AND SALE TRANSACTIONS"

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

## CLAIMS FOR RELIEF

29. Defendants incorporate their responses to Paragraphs 1 through 28 of the Amended Complaint as though fully stated herein.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. Defendants incorporate their responses to Paragraphs 1 through 31 of the Amended Complaint as though fully stated herein.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

## DEFENDANTS' DEFENSES

Without admitting any allegations asserted in the Amended Complaint except such allegations as are expressly admitted herein, Defendants assert the following defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden. Moreover, by asserting these defenses, Defendants do not admit that the matters designated herein as "defenses" are not elements of the Plaintiff's *prima facie* case on any of the Plaintiff's purported claims.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff lacks standing to bring her claim.

## THIRD DEFENSE

Plaintiff failed to make proper demand on Infoblox Inc. prior to bringing this action.

## FOURTH DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted because none of the Defendants are "beneficial owners" of Infoblox Inc. stock.

## FIFTH DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted because the Defendants could not have formed a group under Section 13 of the Exchange Act and the rules promulgated thereunder for the purposes of being liable under Section 16.

## SIXTH DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted because the Defendants were not obligated to file reports concerning their trading in Infoblox Inc. stock pursuant to § 16(a) of the Exchange Act.

## SEVENTH DEFENSE

Defendants reserve the right to assert any additional defenses which may arise in the course of discovery or at trial in this matter.

Dated: October 14, 2016
New York, New York

                              Respectfully Submitted,

                              /s/ Douglas A. Rappaport
                              Douglas A. Rappaport
                              Jessica Oliff Daly
                              AKIN GUMP STRAUSS HAUER & FELD LLP
                              One Bryant Park
                              New York, NY 10036

                              *Counsel for Defendants Cadian Capital Management, LP, Cadian Fund LP, Cadian Master Fund LP, Cadian GP, LLC, Cadian Capital Management GP, LLC, and Eric Bannasch*